IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES M. TORRENCE,

      Petitioner,

v.                                            Case No. 20-3310-JWB

HAZEL PETERSON,[1] WARDEN,

      Respondent.

**MEMORANDUM AND ORDER**

This matter is before the court on Petitioner's motion to amend the traverse (Doc. 21) and his motion to appoint counsel (Doc. 28.)  For the reasons stated herein, Petitioner's motion to amend is GRANTED and his motion to appoint counsel is DENIED.

Petitioner requests appointment of counsel to "assist him in the prosecution of his 28 U.S.C. § 2254 application and subsequent appeal (if any) because [he] suffers from dementia and has inadequate law library access."  (Doc. 28.)  Concurrent with his motion, Petitioner submitted a "Declaration" of facts in support of appointing counsel.  (*See* Doc. 29.)  There, Petitioner takes issue with prisoners being charged for paper copies of legal materials, his inability to perform legal research on a computer, and asserts that his health is deteriorating to the point that he believes he is suffering "from dementia, delusions, hallucinations, and paranoia."  (*Id*. at 2.)  Despite

---

[1] At the time Petitioner filed his habeas corpus petition, he was incarcerated at Larned Correctional Mental Health Facility, and therefore he named Tim Easley, the warden of Larned, as the defendant.  However, Petitioner has been transferred to Norton Correctional Facility, and consequently the appropriate defendant is now Hazel Peterson, the warden of Norton.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Hazel Peterson is the proper substituted respondent in place of Tim Easley.  Accordingly, Petitioner's motion (Doc. 21) is granted, and the clerk of the court is directed to note the substitution on the record.

Petitioner's statements, the court is not persuaded that appointing counsel at this juncture is appropriate.

"[A] district court has discretion to request counsel to represent an indigent party in a civil case" under 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008); *see also Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) (noting in civil cases there is no constitutional right to appointed counsel.) Additionally, the court has authority to appoint counsel when the interests of justice so require in a case, such as this one, brought under 28 U.S.C. § 2254.  18. U.S.C. § 3006A(a)(2)(B).  The decision of appointing counsel "is left to the sound discretion of the district court*." Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010).

The Tenth Circuit has identified four factors to consider in deciding whether to appoint counsel for an individual: (1) petitioner's ability to afford counsel, (2) petitioner's diligence in searching for counsel, (3) the merits of petitioner's case, and (4) petitioner's capacity to prepare and present the case without the aid of counsel.  *See McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).  Petitioner, as the applicant, carries the burden of persuasion that his claims are sufficiently meritorious to warrant the appointment of counsel.  *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973).

Since Petitioner is proceeding *in forma pauperis*, the court notes that the first factor weighs in his favor.  As to the second factor, Petitioner has not illustrated any attempt made at obtaining counsel.  With nothing before the court stating otherwise, the second factor weighs against appointing counsel.  The third factor also weighs against appointment of counsel.  By the time Petitioner filed his request for appointment of counsel, this case had been pending for more than a

year.  All briefing had been completed, and the court had already completed a draft order ruling on Petitioner's habeas petition, which was in the final stages of review.  Thus, the court has already extensively reviewed the merits of Petitioner's habeas petition and is prepared to rule.  Having found no merit in Petitioner's claims, appointing counsel at this late stage of the proceedings would be a waste of judicial resources because any meaningful representation would require counsel to be able to craft arguments and marshal the evidence in the record on Petitioner's behalf, thereby potentially rendering worthless the work the court has already performed in crafting a final ruling in this case.

Moving to the last factor, the record clearly demonstrates that Petitioner has the ability to argue and marshal evidence on his behalf.  Notably, despite Petitioner's alleged mental disorders, he has continually displayed the ability to communicate at a level that is at least proportionate with the many other untrained litigants who represent themselves *pro se* in judicial proceedings. Indeed, one need only look to the consolidated case record to recognize Plaintiff is more than capable of drafting and filing legal documents with the court.  With this in mind, the court finds that the final factor weighs against Petitioner's request.

Accordingly, the court finds that the factors weigh against appointment of counsel and Petitioner's motion to appoint counsel is DENIED (Doc. 28.)  The court's memorandum and order disposing of the underlying habeas petition is filed contemporaneously herewith.

IT IS SO ORDERED this 9th day of February, 2022.


__ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE